UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDDIE LEE SKELLETT,

    Petitioner,                      Civil Case No. 20-12724
                                        Honorable Linda V. Parker

v.

RANDEE REWERTS,

    Respondent.
_____/

**OPINION AND ORDER DENYING**
**PETITIONER'S MOTION FOR DISCOVERY (ECF NO. 13)**

In this habeas corpus proceeding brought under 28 U.S.C. § 2254, Petitioner Eddie Lee Skellett ("Petitioner"), has filed a motion for discovery. (ECF No. 13.) Petitioner is serving an aggregate sentence of 20 to 40 years in prison for assault with intent to commit murder, Mich. Comp. Laws § 750.83, and third-degree fleeing or eluding a peace officer, Mich. Comp. Laws § 257.602a(3).[1] The convictions arise from his assault of "DF" on August 14, 2017. On that date, DF accompanied SM (Petitioner's ex-girlfriend) to the Petitioner's house so that SM could retrieve her belongings. *People v. Skellett*, No. 344600, 2020 WL 1046697,

---

[1] Petitioner was acquitted of charges of first-degree criminal sexual conduct, Mich. Comp. Laws § 750.520b(1)(f), and second-degree criminal sexual conduct, Mich. Comp. Laws § 750.520c(1)(f). *See People v. Skellett*, No. 344600, 2020 WL 1046697, at *1 (Mich. Ct. App. Mar. 3, 2020).

at *1 (Mich. Ct. App. Mar. 3, 2020).  After they arrived, Petitioner became angry that DF was there, went into his bedroom to retrieve a sword, and slashed at DF multiple times.  DF sustained a severe cut to her face.  It was the defense's theory that Petitioner thought an intruder had entered his home and that he acted in self-defense.  Petitioner maintained that he used the sword with a slashing motion just once.  In the current motion, Petitioner seeks discovery of the results of any DNA testing performed on the sword or, if no testing was performed, he asks the Court to order DNA testing of the sword's handle.  He also asks the Court to appoint an expert to analyze the crime scene photographs.

"Habeas petitioners have no right to automatic discovery." *Williams v. Bagley*, 380 F.3d 932, 974 (6th Cir. 2004) (internal quotation marks omitted). Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts permits a court to authorize discovery only upon a showing of good cause. "Rule 6 embodies the principle that a court must provide discovery in a habeas proceeding only 'where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief.' " *Id*. (quoting *Bracy v. Gramley*, 520 U.S. 899, 908–09 (1997)).

Petitioner has not shown good cause for the Court to authorize him to conduct discovery or for the appointment of an expert witness.  Where, like here,

habeas claims have been previously decided by the state court on their merits, "[federal] review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim[.]" *Cullen v. Pinholster*, 563 U.S. 170, 181–82 (2011).  The state court record is provided by the respondent's filing of the materials required by Rule 5 of the Rules Governing Section 2254 Cases. Petitioner's conclusory claims that DNA evidence or an expert witness would support his claim of self-defense are insufficient to show good cause.  Further, to the extent that Petitioner seeks discovery to bolster any unexhausted claims, the request is denied.  *See Calderon v. U.S. Dist. Court for the E. Dist. of Cal. (Sacramento)*, 113 F.3d 149, 149 (9th Cir. 1997) (holding that discovery concerning unexhausted claims was inappropriate).  If, upon further review of the petition, the Court finds that the record of state court proceedings is incomplete, then the Court will consider granting further appropriate relief.

Petitioner has failed to show that discovery of any additional information or appointment of an expert is required to resolve any of his claims.

Accordingly,

**IT IS ORDERED**, that the Motion for Discovery (ECF No. 13) is **DENIED**.

s/ Linda V. Parker<br>
LINDA V. PARKER<br>
U.S. DISTRICT JUDGE

Dated: August 24, 2023

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, August 24, 2023, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan<br>
Case Manager